ELEANOR L. KNOWLES, Appellant, *v.* JOHN OECHSNER, Respondent.

(Supreme Court, Appellate Term, First Department, November
Term — Filed December, 1920.)

Stay—when vacated—summary proceedings—landlord and tenant.

> Where the tenant of an old cottage with small out houses uses the premises not only for dwelling purposes but also for the conduct of his business, it is doubtful whether the " Housing Laws " of recent enactment apply, as the premises are not " used for dwelling purposes " in the sense of that legislation.
> It appearing that similar premises for dwelling purposes could be found in the neighborhood and that the landlord has exhibited the utmost good faith in an endeavor to accommodate the tenant, a stay of the issuance of a warrant in favor of the landlord is unwarranted, and an order granting the same will be reversed, and the stay vacated.

APPEAL by a landlord from so much of a final order in summary proceedings in the Municipal Court of the city of New York, borough of Manhattan, seventh dis-

Appellate Term, First Department, December, 1920. [Vol. 113.

trict, as stays the issuing of the warrant until October 1, 1920.

Charles W. Lefler, for appellant, landlord.

Tenant appeared in person.

*Per Curiam.* This case is an exceptional one. It appears that the landlord is the owner of an old cottage with small out houses in West One Hundred and Thirtieth street. The buildings are manifestly out of all relation to the usual improvements in that or in any other built up part of the city. It appears that the premises were originally leased to the tenant for two years and that the lease has been continued from month to month at a very low rental because of the palpable inappropriateness of these buildings to the use to which property so situated must ultimately be put. The tenant uses the premises not only for dwelling purposes, but also for the conduct of his express business.

Under these circumstances, there is, to say the least, grave doubt whether the legislation known as the " Housing Laws " applies since the premises are not, in the sense in which that legislation employs the term, " used for dwelling purposes." If, however, we regard the law as applicable then surely in considering whether the tenant can find suitable similar premises in the neighborhood the fact that he is conducting his business on the premises can not be taken into consideration. Suitable similar premises for dwelling purposes could be found in the neighborhood. Moreover, the landlord has exhibited the utmost good faith in endeavoring to accommodate the tenant by an offer which needs no recital here.

The stay is not justified by the facts and circumstances disclosed in the record.

Final order reversed in so far as the same provides for a stay of the execution of the warrant and order granting stay vacated.

Present: BIJUR, WHITAKER and MULLAN, JJ.

Final order reversed.